### GEORGE E. LOVETT & CO. v. GIBB et al.

(Supreme Court, Appellate Division, Second Department. April 7, 1911.)

1. EVIDENCE (§ 378*)—LETTERS—AUTHENTICATION.

Plaintiff, suing A. & W. for commissions for leasing property, and showing that he was employed by L. & Co., owner of the property, may not, to show defendants composed such firm, testify that he sent a bill for the services to L. & Co., delivery of which was not proved, and received a letter, purporting to be in answer and to have been sent by L. & Co., on the heading of which were the words, "A. and W., General Partners;" the letter not being authenticated.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1648–1655; Dec. Dig. § 378.*]

2. EVIDENCE (§ 151*)—INFLUENCES OPERATING ON MIND.

Witness may not testify to the influences that operated on his mind in taking a lease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 440; Dec. Dig. § 151.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by George E. Lovett & Co. against Walter Gibb and others, executors of Arthur Gibb, deceased, and Walter Gibb, personally. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Alvan R. Johnson, for appellants.
William H. Good, for respondent.

PER CURIAM. This action was brought for commissions for services in leasing to one McCann a store owned by defendants. Beyond doubt the plaintiff was employed to lease the store. His sign was on the property. The only meritorious issue is whether McCann was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

induced to make the lease through plaintiff's procurement. There is evidence to sustain the finding of the court that plaintiff was the procuring cause. But there is a defect in the proof which requires a reversal of the judgment. The summons was served upon Arthur Gibb. He has since died and his executors have been substituted as parties. The pleadings were oral.

[1] The evidence is that Frederick Loeser & Co. employed the plaintiff, that it owned the property and made the lease, but there is no legal evidence that defendants were copartners, or in any way related to Frederick Loeser & Co. There was received in evidence a letter purporting to have been sent to the plaintiff by Frederick Loeser & Co., and upon the heading are the words: "Arthur Gibb, Walter Gibb, General Partners." This letter relates to the matter in controversy, and indicates that, while Frederick Loeser & Co. doubt the justice of the present bill, the refusal to pay it was predicated upon plaintiff's demand for commission upon the extension of the lease, if the tenant should avail himself of an option given him. Mr. Lovett was permitted to testify that he sent a bill, although he did not himself mail it, to Frederick Loeser & Co., and by relating the letter to the bill plaintiff seeks to make the letter admissible. But the original bill was not produced by the defendants, and its delivery to them by mail or otherwise is not proven. To the letter there was objection, among other things, that "it is not authenticated"; nor is it. For such error in the admission of the bill and letter in evidence, and the consequent omission to show that defendants composed the firm of Frederick Loeser & Co., the judgment should be reversed.

[2] The defendants excepted to the refusal of the court to permit McCann to answer the question:

"State what, if anything, that Mr. Wahlman did or said that influenced you in any way to sign that lease."

The court was quite correct in ruling that Mr. McCann should not be allowed to testify to the influences that operated upon his mind in taking the lease. In his brief, counsel for defendant states:

"If the justice knew what influenced the witness better than the witness himself, then the world is unappreciative of his talent, which is greater than the gift of prophecy."

We regret this expression on the part of counsel.

The judgment should be reversed, and a new trial ordered; costs to abide the event.